## Case No. 15,675.

UNITED STATES v. McFARLANE et al.

[1 Cranch, C. C. 163.] [1]

Circuit Court, District of Columbia. June Term, 1804.

RIOT—ASSAULT AND BATTERY—INDICTMENT—PUNISHMENT.

Riots are punishable at common law, notwithstanding the statute. Riot, and assault and battery, may be joined in the same indictment. Imprisonment is not a necessary part of the punishment of riot at common law. Upon an indictment for riot at common law, the term of imprisonment is not to be assessed by the jury.

Indictment at common law for a riot, and for assault and battery. [See Case No. 15,674.]

Mr. Youngs moved in arrest of judgment. 1st. Because an indictment will not lie for a riot, the act of assembly of Virginia, of December 4, 1786 (Old Rev. Code, pp. 38, 39), having prescribed a certain mode of prosecution. 2d. Because assault and battery cannot be joined with riot, in the same indictment. They require separate and different kinds of punishment. Riot is of a higher nature, and the assault and battery merges in the riot. The assault and battery may be justified, but the riot cannot. 1 Hawk. 294, 295. 3d. Because no specific, unlawful act is charged for which they assembled. "With intent to disturb the peace," is too general. Reg. v. Gulston, 2 Ld. Raym. 1210.

Mr. Mason, contra. 1st. Riot is a common law offence. The statute is cumulative. See the last clause, which speaks of persons legally convicted otherwise than in the manner directed by that act. The statute of Virginia is copied from the English statute of 19 Hen. VII. c. 13; it has no negative words, and, therefore, the common law mode of trial is not taken away. 2d. As to the second point, no authority is cited, and no reason is given, why assault and battery, and riot, should not be joined in the same indictment, in separate counts. 3d. The third objection, is, that the indictment charges no specific unlawful act for which they assembled. The charge is, "to disturb and break the peace of the United States." This is a specific and sufficient charge. Stubbs, Crown Cir. Comp. 386, 391.

Mr. Youngs, in reply, cited U. S. v. Simms [1 Cranch (5 U. S.) 25] in the supreme court of the United States, February, 1803. If you indict under a statute, you must bring the case within the statute, and cannot resort to the common law.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Motion overruled, and judgment entered.

It was a question, whether, under the last section of the act, the jury were to ascertain the term of imprisonment, and whether imprisonment were not a necessary part of the punishment; but the court decided both in the negative. Quære—see Old Rev. Code, p. 287, §§ 3, 4; Id. pp. 33, 38; Id. p. 112, § 26.