## In re HEFFERNAN et al.

### (Kings County Court. March 4, 1909.)

**1. GRAND JURY (§ 27*)—JURISDICTION—LOCAL POWERS.**

The grand jury is not part of the administrative government of a municipality, but has the amplest power to investigate the willful and corrupt misconduct in office of public officers of every description within the county, as expressly provided by Code Cr. Proc. § 260.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. § 66; Dec. Dig. § 27.*]

**2. GRAND JURY (§ 42*)—PRESENTMENT—PROPRIETY—VACATION.**

Code Cr. Proc. § 257, provides that the grand jury is not bound to hear evidence for the defendant; but it is its duty to weigh all the evidence submitted, and, when it has reason to believe that other obtainable evidence would explain away the charge, it should order such evidence to be produced, and may require the district attorney to issue process to witnesses. *Held*, that where a grand jury, though attended by a district attorney, afforded certain officials, whose conduct in office was being examined, no opportunity to explain the same, notwithstanding documents admitted on a motion to quash a presentment subsequently returned decisively exonerated such officials from the alleged misconduct, and it appeared that the presentment itself was drawn up by the prosecuting witness and adopted as the act of the grand jury, it was inadvisedly made, and will be set aside.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. § 88; Dec. Dig. § 42.*]

Application of John A. Heffernan and others for an order to set aside a presentment of the February, 1909, grand jury. Application granted.

Bolger & Hickey, for petitioners.

John F. Clarke, Dist. Atty., opposed.

DIKE, J. This is an application for an order to set aside the presentment made by the Kings county grand jury for the February term of the County Court, concerning the official action incidental to some public improvements, and asking that the said presentment be expunged from the records of this court. The application is made by John A. Heffernan, Bird S. Coler, and Charles F. Adams, all of whom are officials of the borough government.

An inspection of the grand jury minutes concerning this investigation made by them was asked for by the aggrieved parties and granted by this court. The minutes of the grand jury show that one Michael O'Sullivan, communicated with the grand jury by letter, asking to be heard regarding a certain matter coming under the jurisdiction of a certain local improvement board, of the Bay Ridge section, relating to local assessed improvements, and alleging that certain changes were made without proper notice to the affected public, in violation of the provisions of the city charter; that in response to such communication a hearing was given to Mr. O'Sullivan by the grand jury, and quite a voluminous amount of testimony was taken by the grand jury in regard to the complaint.

No indictment was found against the officials complained of, but a presentment was made, containing, with others, the following words:

"We censure the borough president, Bird S. Coler, Secretary Adams, and Secretary Heffernan for such neglect of their duties and of the public interests."

This language, it was urged by the officials, is objectionable and libelous, and without any justification in fact.

This application, based upon these facts, clearly raises the question as to the specific powers of a grand jury. The Code of Criminal Procedure (section 260) sets forth certain mandatory provisions, to wit:

"The grand jury must inquire (1) into the case of every person imprisoned in the jail of the county, on a criminal charge, and not indicted; (2) into the condition and management of the public prisons in the county; and (3) into the willful and corrupt misconduct in office, of public officers of every description, in the county."

The presentment contains a serious charge against the officials named. It, in effect, charges a grave dereliction in official duty. Was such a presentment as has been made herein proper or justifiable?

In a celebrated Pennsylvania case, Judge King made use of the following words:

"Grand juries are high public functionaries. They are the great security to the citizen against vindictive persecutions, either by government, or by political partisans, or by private enemies. In their independent action, the persecuted have found the most fearless protectors, and in the records of their doings are to be discovered the noblest stands against the oppression of power, the virulence of malice, and the intemperance of prejudice." Lloyd and Carpenter Case, 3 Clark, 188.

They are not part of the administrative government of a great municipality. They have the fullest and amplest power to investigate, as it is their solemn and prescribed duty to do, into "the willful and corrupt misconduct in office, of public officers of every description, in the county." Finding any such evidence of willful and corrupt misconduct, it would be their clear duty to indict. Then the official could have his day in court, where he would receive either the condemnation which he deserved if his actions have been unlawful, or the vindication that he would desire in case he was blameless. From a grand jury obviously nothing but the fairest considerations of any questions submitted to them is expected. The Star Chamber of the olden days no longer exists, and any action on the part of a grand jury which would partake of the character of the proceedings of that ancient and abhorred system would not be tolerated to-day.

In the minutes of the grand jury relating to this matter we find the witness O'Sullivan himself suggesting that a borough official be called before the grand jury to give his version or explanation of the matter complained of. Yet this suggestion was not complied with, although such official was within easy reach of the grand jury; and this in the face of section 257 of the Code of Criminal Procedure, which provides as follows:

"The grand jury is not bound to hear evidence for the defendant; but it is their duty to weigh all the evidence submitted to them, and when they have reason to believe that other evidence, within their reach, will explain away

the charge, they should order such evidence to be produced; and for that purpose, may require the district attorney to issue process for the witnesses."

Although attended by the district attorney, and with the court accessible for advice, no opportunity was given these officials to explain, and yet the documents submitted in the papers upon this motion most clearly and decisively exonerate the three officials. The presentment itself, it appears, was drawn up by the witness O'Sullivan, and adopted as the act of the grand jury. The statement made in court by the foreman of that body in justification of the action of the grand jury failed to explain satisfactorily.

Presentments should be made use of only when clearly necessary. Their use by the grand jury is honored more in the breach than in the observance; and in the present case it has done an injustice to public officials, which, in fairness, I shall do my part to set aside, and I therefore direct that the presentment against John A. Heffernan, Bird S. Coler, and Charles F. Adams, filed by the grand jury for the February term of the County Court of Kings County, be set aside and quashed, and that the same be expunged from the records of this court.