### In re WOODBURY, Police Com'r.

(Supreme Court, Special Term, Niagara County. November 17, 1915.)

1. GRAND JURY ⬥42—PRESENTMENT TO COURT—EXPUNGING ACCUSATION.

Where the presentment of a grand jury was merely a guise to accuse petitioner, as a member of the board of police commissioners of a city, of laxity in the enforcement of the excise laws, it should be expunged from the record, in the exercise of the court's inherent power to keep its records free from immaterial or improper matters.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. § 88; Dec. Dig. ⬥42.]

2. GRAND JURY ⬥42—PRESENTMENT BY COMMITTEE—EFFECT.

The statutes constituting the grand jury do not authorize a presentment to the court, signed by four members thereof as a committee, even

if the result was concurred in by at least twelve grand jurors, since such presentment is the work of individuals, rather than of the grand jury, and since a presentment cannot be found without the concurrence of at lease twelve grand jurors over the signature of the foreman.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. § 88; Dec. Dig. ☞42.]

Petition by William H. Woodbury, a member of the Board of Police Commissioners of the City of Niagara Falls, to expunge from the records of the Supreme Court and to set aside and quash the presentment of the Niagara County Grand Jury. Petition granted.

Leggett & Thibaudeau, of Niagara Falls, for petitioner.
Dudley & Gray, of Niagara Falls, for Charles E. Cowdrick.
J. W. O'Brien, Asst. Dist. Atty., for respondents.

MARCUS, J. The petitioner applies to the court by virtue of its inherent power over its judgments, orders, records, and proceedings, of which the minutes of the grand jury and its presentment are a part, to expunge from the records of the court and set aside and quash the presentment of the grand jury recently reported to the court, which is in terms the following:

"We, the grand jury of Niagara county, in session this 25th day of October, 1915, feel that from the conditions revealed to us by witnesses on several cases presented before this jury, would not be doing our duty if we let this opportunity pass to severely censure the police board of Niagara Falls for the lax manner in which the excise law appears to have been enforced in the city of Niagara Falls. It has appeared, from evidence submitted and the general conditions revealed in the city of Niagara Falls, little, if any, honest effort had been made to enforce the above-mentioned law. Therefore we take this method of expressing our disapproval of the above conditions."

It is urged on the part of the petitioner that the vice of the presentment is that, instead of describing a general condition, it specifies the individuals who it is claimed refused to enforce the law, and therefore have violated the law, and that the presentment was made purely for political purposes; that the effect of this presentment and the newspaper articles which developed out of the same hold the petitioner, who has always borne a reputation for honesty, integrity, and good character, up to public criticism, condemnation, and censure, without giving him an opportunity to defend himself, or show that he is not guilty of aspersions cast upon his integrity; and that it will result in irreparable damage to his business, and otherwise affect his social standing in the community and his good name and reputation.

The petitioner claims that the presentment is void because it is without warrant in law, and that it is also void because it charges a crime; that the grand jury should have either found an indictment, or dismissed the charge, and that the finding of this presentment was an abuse of the powers of the grand jury, because it was an invasion of the constitutional right of the petitioner to traverse any charges preferred against him and the taking of his property (his reputation) without due process of law; in other words, that the grand jury made a presentment against an individual, giving it the color and

semblance of an indictment, while all opportunity to traverse it is denied the defendant.

[1] It is unnecessary, in my determination of this question, to decide whether "presentment" and "indictment" are synonymous. Much has been learnedly written on this subject, and the weight of authority still seems to be that the grand jury have a right to make presentments, even though they be not followed by an indictment; but the courts seem to be equally emphatic in insisting that a presentment cannot be used by the grand jury merely as a guise to accuse and thereby compel a person to stand mute, if the presentment would warrant an indictment so that the accused might answer, and that when a presentment is merely a guise used by the grand jury to accuse, the presentment should be expunged from the record.

[2] Nothing was said by counsel, either on the argument or in the briefs submitted to the court, with reference to the fact that the presentment is signed as follows:

> "Thos. Justice,
> William Falls,
> Elmer R. Grauer,
> H. J. Silsby,
> Committee."

The grand jury as now existing is purely a statutory body. No authority can be found in the statute which justifies a presentment being submitted to the court when signed by four members as a committee. As far as appears from the face of the report, it nowhere indicates that a vote was taken by the grand jury and the result concurred in by at least twelve grand jurors, or any action taken by them in regard to it, since it is signed by a committee of four. If in fact it was found or considered or voted upon by the grand jury, the return in its present form has no authority in law, and therefore is void and nugatory.

The belief is warranted, as far as appears from the report, that but four members of the grand jury, who constituted the committee and signed the presentment, were alone the members of the grand jury who participated in the action which resulted in the resolution objected to by the petitioner, and it was therefore void, since a presentment identically as an indictment—if the distinction is to be continued—cannot be found without the concurrence of at least twelve grand jurors, and when found must be signed by the foreman of the grand jury.

There can be no question as to the authority of the court to keep its own records free from matters of an immaterial or improper character, and concluding, as I do, that this presentment is the work of individuals, rather than that of the grand jury, and therefore without authority in law, the relief asked for by the petitioner is granted.