In the Matter of WILLIAM H. FUNSTON, Petitioner,

Supreme Court, Schenectady County, February 26, 1929.

*Blodgett & Smith* [*Harold E. Blodgett* of counsel], for the petitioner.

*Roy W. Peters, District Attorney,* opposed.

HEFFERNAN, J.   The grand jury of the county of Schenectady on February 19, 1929, made a presentment to the Supreme Court charging in substance that there is a willful and deliberate failure to enforce and maintain law and order in the city of Schenectady and that gambling, bowling and baseball pools and other forms of law breaking exist without molestation and that the chief of police of that community is directly responsible for the lawless conditions.   The accused official was not indicted, however, and in an affidavit denying the allegations of wrongdoing on his part he has petitioned the court for an order quashing the presentment and expunging it from the records on the ground that it was made without lawful authority.

The truth or falsity of the charges is not the subject of inquiry

on this motion and the only question for determination is the legality of the grand jury's action in making the presentment.

The State Constitution (Art. 1, § 6) provides that "no person shall be held to answer for a capital or otherwise infamous crime * * * unless on presentment or indictment of a grand jury, and in any trial in any court whatever the party accused shall be allowed to appear and defend in person and with counsel as in civil actions." By the provisions of our fundamental law, there is thus guaranteed to every one the right to answer and to be heard when such a presentment or indictment is found.

Chapter 2 of title 4 of part 4 of the Code of Criminal Procedure treats of the formation of the grand jury, its powers and duties and chapter 1 of title 5 of part 4 treats of the finding and presentation of the indictment. The grand jury is a constituent part of the court and is under its supervision and control. It can only act in the manner prescribed by law. The functions of the grand jury are of the highest importance in the due administration of justice. It should never be forgotten, however, that the establishment of this inquisitorial body was designed not only as a means of bringing to trial those accused of public offenses upon just grounds but had for its primary object the protection of the innocent against unfounded accusations from whatever source they might originate. The duties imposed by law upon a grand jury are of a dual character, one to society to see that persons justly suspected of crime are held to answer; the other to the citizen to see that he is not subjected to prosecution upon accusations based on envy, hatred or malice.

The words " presentment " and " indictment " as used in our Constitution and statutes are common-law terms and are to be construed in their common-law sense. The distinction between an indictment and a presentment at common law is that the former originated at the instance of the Crown while the latter was an informal accusation made by the jurors on their own knowledge and observation and was generally regarded in the light of instructions to the prosecuting officer upon which a true bill could be framed. The presentment merged in the indictment. If no indictment was found, the presentment ceased to exist for any purpose. This practice is now obsolete and the presentment is of no legal effect because it is the duty of district attorneys to attend grand juries and advise them in their investigations.

Upon the adoption of our Code of Criminal Procedure, all prior forms of pleadings in criminal actions were abolished. The first pleading on the part of the People is the indictment. (Code Crim. Proc. § 274.) The terms " presentment " and " indictment " are

now used interchangeably and are synonymous. Obviously both contemplate an accusation of crime and an opportunity upon the part of the accused to be heard in his own defense before a jury of his peers. As a means of requiring a person to answer for a crime, a presentment · is unknown to the law of this State. Under our system of pleading it must, therefore, be deemed to be abolished.

To sustain his position the learned district attorney relies on *Matter of Jones* v. *People* (101 App. Div. 55) as a controlling authority on this application. That decision, rendered by a bare majority of the court, affirmed an order of the County Court of Nassau county denying a motion to set aside a presentment made by the grand jury of that county. An appeal was taken from the order of affirmance to the Court of Appeals but that court refused to review the merits of the controversy for lack of jurisdiction. (*Matter of Jones*, 181 N. Y. 389.) The able dissenting opinion of Mr. Justice WOODWARD seems to me to be a correct exposition of the law on the subject. Even in that case Mr. Justice JENKS, who wrote the prevailing opinion, made use of this significant language: " I think that if under the guise of a presentment the grand jury simply accuse, thereby compelling the accused to stand mute, where the presentment would warrant indictment so that the accused might answer, the presentment may be expunged * * *." In this instance the petitioner is charged by implication at least with willful and corrupt misconduct in office. It is worthy to note that this case has never been followed in the later decisions. In *Matter of Osborne* (68 Misc. 597) Mr. Justice GOFF set aside a presentment of a grand jury in New York county which reflected upon the professional honor and integrity of a Deputy Attorney-General. In *Matter of Heffernan* (125 N. Y. Supp. 737) Judge DIKE vacated a presentment because it criticised the conduct of certain public offcials. In *Matter of Woodbury* (155 N. Y. Supp. 851) Mr. Justice MARCUS annulled a presentment of a grand jury which accused a member of the board of police commissioners of laxity in the enforcement of the excise laws. A similar decision was made by Mr. Justice HARRIS in *Matter of Crosby* (126 Misc. 250). In that case the report of the grand jury charged the mayor, board of police commissioners and chief of police of the city of Lockport with responsibility for failure to suppress gambling and houses of prostitution.

The law is progressive. Not every decision of an appellate tribunal need be accepted as legal gospel. The court is not called upon to worship at the shrine of precedent with superstitious

reverence forgetful of the fact that not infrequently precedent is but yesterday's error.

From time immemorial it has been the practice of grand juries at the conclusion of their duties to adopt resolutions and make reports on a variety of subjects. So long as this worked no injustice, they were tolerated. When the integrity of an individual is impugned and he is publicly censured without any opportunity to answer, he is justified in appealing to the court to rectify the wrong. A grand jury under the guise of a presentment must not be permitted to attack the good name of a citizen. It is unquestionably true that the public mind is impressed by the utterances of such a body. It is a grave matter to charge a public official with misconduct in office. The consequences may be very serious. In this case it cannot be seriously disputed that the emanations of the grand jury reflect on the petitioner's integrity. His official conduct is criticised, his motives are impugned and he is held out as deserving of chastisement and reprobation. Even a grand jury should not attack with impunity the character of a citizen. Many a man of good repute in the world's ear may have his reputation blasted in this manner. I am not impressed with the argument that the members of this grand jury acted maliciously or in bad faith. Undoubtedly their motives were the purest. That, however, does not atone for the injury. A grand jury should not substitute suspicion for proof. The meanest criminal in the land is entitled to his day in court to meet his accusers face to face before he is condemned. A public official is entitled to the same consideration. It is just as important that one should be fairly accused as that he should be fairly tried. The petitioner in this case is accused of criminality. He has had no hearing, no trial, no opportunity for defense, and unless the court comes to his aid, he is left without any remedy except an appeal to the court of Mrs. Grundy. Scathing pronouncements by a grand jury are highly reminiscent of the days when the Star Chamber and the Court of High Commission cast their baleful shadows over every English home.

It is as much the duty of the court to protect the innocent as it is to punish the guilty. I am clearly satisfied that the presentment of the grand jury has resulted in injustice to the petitioner, that it was made without any warrant in law, and, therefore, it should be quashed, set aside and stricken from the records.