Ex Parte Faulkner and Coleman.

4-9870 · 251 S. W. 2d 822

Opinion delivered October 20, 1952.

38

*J. C. Cole* for petitioners.

MINOR W. MILLWEE, Justice. This is a petition by J. H. Faulkner and L. Q. Coleman to expunge from the records of the Circuit Court of Hot Spring County a certain grand jury report critical of petitioners.

The record reflects that a special session of the Grand Jury of Hot Spring County was called September 10, 1951, at the written request of four of the five-member board of the Malvern School District for the purpose of investigating school affairs. On September 11, a "Partial Report of Grand Jury" was received by the circuit court and spread upon the records. It states: "On the first day, the Grand Jury listened to statements made by fourteen witnesses. Among other facts which were brought to light as the result of the questioning of these fourteen persons are that

"The Grand Jury finds that Hershel Faulkner, a member of the Malvern School Board, has made irresponsible statements in which he charged a member of the Malvern faculty with sex perversion, and upon this accusation sought the discharge of the faculty member.

"After examining the fourteen witnesses, including Mr. Faulkner and the other members of the school board, the Grand Jury finds that the charge made by Hershel Faulkner has served only to disrupt and retard the administration of affairs of the public schools of Malvern.

"The Grand Jury further finds that accusations made by Faulkner were based on an affidavit made by a patron of the Malvern School District which was made by him as the result of information given him by Quentin Coleman, a discharged member of the Malvern faculty.

This patron, who also appeared before the Grand Jury, declared that the accusations made by him in the affidavit were later found by him to be untrue in view of an investigation he made on his own initiative. The Grand Jury after completing their own comprehensive examination finds that these charges are without foundation in fact, utterly false, and were conceived by Coleman out of whole cloth and implanted by him in the mind of the patron for the sole purpose of obtaining the discharge of the faculty member.''

On September 12, a Malvern newspaper published separate statements by petitioners criticizing the publicized report and inviting the grand jury to indict them if the findings contained in the report were true. On September 13, the circuit court ordered separate citations against petitioners for contempt of court. The grand jury returned separate indictments against petitioners on September 18 for libel of the grand jury in connection with the publicized statements made by petitioners in response to the grand jury report. The contempt of court charges were ordered dismissed by the circuit court on November 19 because petitioners had been indicted for the same statements which occasioned the contempt charges in the first instance.

Petitioners filed their joint motion in circuit court to expunge the partial grand jury report from the record on November 27. On January 8, 1952, the circuit court entered an order denying the motion to expunge. The charges against petitioners for libeling the grand jury were dismissed on motion of the State over petitioners' strenuous objections on January 16, 1952. The record is brought here by certiorari to review the action of the circuit court in denying the motion to expunge.

Our Constitution (Art. II, § 8) provides that a grand jury may proceed by presentment or indictment. The legal definition of a presentment is stated as follows in *State* v. *Cox,* 8 Ark. 436: ''A presentment, properly speaking, is the notice taken by a grand jury of any offense, from their own knowledge or observation, with-

out any bill of indictment laid before them at the suit of the government; upon such presentment, when proper, the officer employed to prosecute, afterwards frames a bill of indictment, which is then sent to the grand jury, and they find it to be a true bill. 4 Bl. Com. 301. Bouvier's Law Dict., Presentment.'' It is clear from the record in the case at bar that the grand jury had no intention of returning an indictment against petitioners based on the matters set out in the grand jury report. Hence, the report does not constitute a true common law presentment. Proceeding by presentment as the term was understood at common law has largely fallen into disuse in recent years although many courts still apply the term to grand jury reports whether or not such reports are intended to be followed by an indictment.

Although there is no specific statutory authority for grand jury reports in this State, it has long been the custom and practice for grand juries to make written reports to the court concerning their investigations. Grand juries are clothed with broad inquisitorial powers and the power to investigate should necessarily include the right and duty to report the result of such investigations. So long as grand jury reports relate to general conditions affecting the public welfare and without reflecting specifically upon the character, or censuring the conduct, of individual citizens they serve a wholesome purpose and are frequently followed by beneficial results to the community.

Looking to the report involved in the instant case, we note that the grand jury did not merely accuse or charge petitioners with certain acts, but actually found them guilty of such misconduct as would have fully warranted their indictment for slander, which is a felony under our statutes.[1] The question then arises as to the right of petitioners to expunge a grand jury report containing findings which would have warranted their indictment for slander where no such indictment is returned or intended.

---

[1] Ark. Stats., §§ 41-2405 and 2409; State v. Waller, 43 Ark. 381.

Most of the reported cases bearing on the question involve the right of a grand jury to make a report criticizing public officials where the accusations are not such as to charge a criminal offense. Certain sections of our Criminal Code dealing with the duties and scope of inquiry of the grand jury[2] are identical with those of New York where numerous cases have arisen on the question. In denying the motion to expunge the trial judge relied on the cases of *In re Jones,* 101 App. Div. 55, 92 N. Y. S. 275, appeal dismissed 181 N. Y. 389, 74 N. E. 226, and *In re Healy,* 161 Misc. 582, 293 N. Y. S. 584. In the Jones case the New York Court refused to expunge the report of a grand jury censuring public officials for improper performance of their duties although an indictment did not or could not have followed it. However, Judge Jenks, in the majority opinion, stated: "I think that if under the guise of a presentment, the grand jury simply accuse, thereby compelling the accused to stand mute, where the presentment would warrant indictment so that the accused might answer, the presentment may be expunged; but I do not think that a presentment as a report upon the exercise of inquisitorial powers must be stricken out if it incidentally points out that this or that public official is responsible for omissions or commissions, negligence or defects."

A strong dissenting opinion was written by Judge Woodward in the Jones case announcing the rule that the code empowered the grand jury only to indict or not indict. He said: "If there has been no crime or offense, the grand jury, designed for the protection of the citizen, has no right to create an offense unknown to the law for the purpose of administering punishment by way of censure, for this is a 'government of laws, not of men,' to quote the preamble of the Constitution of Massachusetts and the language of Chief Justice Marshall in *Marbury*

---

[2] Ark. Stats., § 43-907 provides that the grand jury must inquire, "First. Into the case of every person imprisoned in the county jail, or on bail, to answer a criminal charge in that court, and who is not indicted. Second. Into the condition and management of the public prisons of the county. Third. Into the wilful and corrupt misconduct in office of public officers of every description in the county."

v. *Madison,* 1 Cranch, 163, 2 L. Ed. 60. . . . If the acts charged do not constitute a crime, then there is no indictment before the court, and the petitioners clearly have a right to be relieved of the odium of a judicial censure, where the document in which such censure is contained is a mere impertinence, without authority of law.''

The lower courts of New York have consistently refused to follow the majority in the Jones case and in each instance have granted the requested motion to expunge. See, *In re Osborne,* 68 Misc. 597, 125 N. Y. S. 313; *Re Heffernan,* 125 N. Y. S. 737; *In re Funston,* 133 Misc. 620, 233 N. Y. S. 81; *In re Crosby,* 126 Misc. 250, 213 N. Y. S. 86; *People* v. *McCabe,* 148 Misc. 330, 266 N. Y. S. 363; *In matter of Wilcox,* 153 Misc. 761, 276 N. Y. S. 117, and cases cited therein. It would seem that the weight of authority supports the proposition that it is improper for a grand jury to present with words of censure and reprobation a public official or other person by name without presenting him for indictment and the accused has the right to apply to the court to have the objectionable matter expunged from the court records. 24 Am. Jur., Grand Jury, § 36; 38 C. J. S., Grand Juries, § 34(3). *Ex parte Robinson,* 231 Ala. 503, 165 So. 582; *Bennett* v. *Kalamazoo Circuit Judge,* 183 Mich. 200, 150 N. W. 141; *In re Report of Grand Jury of Baltimore City,* 152 Md. 616, 137 A. 370; *In re Report of Grand Jury,* 204 Wis. 409, 235 N. W. 789; *In re Presentment to Superior Court,* 14 N. J. Super. 542, 82 A. 2d 496.

The case of *In re Healy, supra,* is a decision rendered by the Judge of the Queens County Court of New York and involved a report criticizing an individual who was not found to be a public official. The court found that the grand jury had no right to make the report and expunged it from the record. However, the court also reviewed the New York cases involving public officials and by way of dictum approved the majority opinion in the Jones case, *supra.* In ordering the grand jury report expunged the court said: ''To single out an individual, not by reason of any acts in public office, not by reason of any acts as a public official, and to condemn him with-

out a trial, without an opportunity to be heard, without the privilege of making a defense in a free American court of justice, to attempt to deprive him of his good name, to besmirch his character, is so unfair, so repugnant to the ideals of the administration of justice in America, as to merit the disapproval of this court.

"The petitioner, Healy, has been accused and censured not as a public official but as an individual, and in no reported case in this country of which this court has cognizance has any such action been approved."

In *Ex parte Cook,* 199 Ark. 1187, 137 S. W. 2d 248, we held that it was within the trial court's discretion to receive or reject a grand jury's report criticizing a former county judge's administration of county affairs where the investigation was at his request and the report did not amount to charges or accusations of criminal offenses. In that case we emphasized the fact that the former official had invited the report, saying: "We think petitioner's act in requesting an investigation was responsible for the result . . ." See, also, *Application of Knight,* 176 Misc. 635, 28 N. Y. S. 2d 353.

We find it unnecessary to a determination of the present case to definitely adopt either of the conflicting views expressed by the majority and minority opinions in the Jones case, *supra.* Since we have concluded that the matters set out in the report under consideration were sufficient to warrant an indictment of petitioners for the crime of slander, they are entitled to have the report expunged under either view. Petitioner Faulkner is a member of the Malvern School Board, but did not join in the request for the grand jury investigation. Petitioner Coleman is a private citizen. If petitioners were guilty of slander they should have been indicted for that offense. As the matter stands, they are in effect found guilty of a crime by an arm of the judiciary that is not empowered to try them. They stand condemned upon the public records without a trial and are afforded no forum in which they might be confronted with their accusers and the truthfulness of the charges against them judicially tested,

although they have diligently sought an opportunity to be heard at every step of the proceedings. Under these circumstances, there is no room for judicial discretion and petitioners have a right to the relief sought.

The writ of certiorari is accordingly granted and the report of the grand jury will be expunged from the circuit court records. It is so ordered.