Chief Judge Conway (dissenting).
The sole issue presented is whether or not the Grand Jury, in the course of a “ John Doe ” investigation into alleged crimes by the employees of the Department of Buildings of the City of New York, possessed the power to direct an employee of that department to fill out a financial questionnaire outside the Grand Jury room, submit it completed to the Grand Jury swearing that his answers contained therein were true, and testify under oath regarding those answers. We have concluded that it is possessed of no such power.
On February 2, 1959 the Second Additional Grand Jury in Kings County began an investigation to determine whether the crimes of bribery and conspiracy were being committed by the personnel of the Division of Housing and Division of Buildings of the Department of Buildings in the County of Kings. The relator, an inspector of plastering in that department, was, pursuant to a subpoena, summoned as a witness before the Grand Jury. In keeping with appropriate statutes pertaining to waiver of immunity by public employees, Sillifant executed such a waiver (New York City Charter, § 903; N. Y. Const., art. I, § 6; Penal Law, § 2446). Upon being sworn by the foreman of the Grand Jury, relator testified, answering all oral questions asked of him. The District Attorney then had a financial questionnaire marked in evidence and asked Sillifant if he would be willing to take it home with him, fill it out, return with it to the Grand Jury on a date to be fixed, and swear that his answers contained therein were true. Relator, on the advice of counsel, declined upon the ground that the Grand Jury had no legal power to compel him to complete such questionnaire. The Grand Jury, after voting on the matter, directed relator to complete the document. Sillifant again refused upon the same ground as previously stated. Pursuant to the Grand Jury’s direction, the District Attorney applied for and obtained a court order to compel relator to comply with the Grand Jury’s direction. Upon the relator’s refusal to comply with that order he was found guilty of criminal contempt (Judiciary Law, § 750, subd. 3). A 30-day jail sentence plus a fine of $250 were imposed as a result.
*494 From its inception the Grand Jury has served a twofold purpose: (1) to investigate and uncover crime and corruption; (2) to protect the citizen from unjustified prosecution at the hands of the State (People v. Naughton, 38 How. Prac. 430, 435-438; Matter of Funston, 133 Misc. 620, 621). In carrying out its task of investigating crime and corruption, there is no doubt that the Grand Jury is clothed with wide powers insofar as the scope of its inquiry is concerned (Code Crim. Pro., §§ 245, 253; 38 C. J. S., Grand Juries, § 34). Nevertheless, that body is dependent for its power and indeed for its very existence upon the Constitution and the Legislature of our State as that body’s mandates are manifested by statutory pronouncements in the Code of Criminal Procedure (N. Y. Const., art. I, § 6; Code Crim. Pro., §§ 223-272; People v. Stern, 3 N Y 2d 658, 661; People v. Glen, 173 N. Y. 395, 400-401; Matter of Cole [Reiss], 208 Misc. 697, 699, 701-702, 703; People v. Brinkman, 205 Misc. 337, 340-341; People v. Brickner, 8 N. Y. Crim. Rep. 217, 221; Matter of Gardiner, 31 Misc. 364, 372; see Matter of Osborne, 68 Misc. 597, 601, 604; People v. Blair, 17 Misc 2d 265). So it is that the Legislature, in the exercise of its power, has seen fit by section 249 of the Code of Criminal Procedure to limit the evidence receivable by the Grand Jury to “ none but legal evidence ”. Furthermore, by virtue of section 248 of the code, the Legislature has prescribed the method by which the Grand Jury may receive evidence as follows:
“ In the investigation of a charge, for the purpose of indictment, the grand jury can receive no other evidence than,
“ 1. Such as is given by witnesses produced and sivorn before them, or furnished by legal documentary evidence; or “2. The deposition of a witness, in the cases mentioned in the third subdivision of section eight.” (Emphasis added.)
The answer to the issue presented here depends upon the construction to be placed upon section 248.
Under subdivision 1 of section 248, the Legislature has chosen to use the words 1 ‘ produced and sworn ’ ’ conjunctively not disjunctively. There is nothing in the context of the statute or surrounding circumstances which suggests that the Legislature used the word “ and ” loosely, inaccurately, or erroneously, that is, that it intended “ or ” when it said ‘ ‘ and ’ ’. On the contrary, *495 the’ choice of language .utilized clearly imports the appearance of’ a. witness .before the Grand .Jury, the swearing in of the witness, and the reception of his oral testimony by that body in response" to all relevant questions. Any other interpretation would amount to an unjustified enlargement of a statutory provision—in short, to judicial legislation.
The suggestion has been made that the use of a financial questionnaire, in the manner in Avhich the Grand Jury attempts to employ it here, is permissible within the meaning of that part of subdivision 1 of section 248 which refers to “ legal documentary evidence However, it is manifest that these words relate to books, records and documents already in existence and such as are subject to production pursuant to a subpoena duces tecum. The language of the statute may not be twisted so as to include a direction by the Grand Jury to a witness to manufacture of create evidence.
Certainly there is no basis for the utilization of the questionnaire, under subdivision 2 of section 248, as a deposition in place of relator’s bral testimony. This is so because a witness’ deposition may only be read to a' Grand Jury upon a satisfactory, showing to the court that he is dead or insane, or cannot Avith due diligence be found in the State (Code Crim. Pro., § 248, subd. 2; § 8,' subd. 3). None of these conditions being present, it follows the Grand Jury was without power to employ a financial, questionnaire as a deposition in place of the oral testimony of the relator.
The cases of People v. Workman (308 N. Y. 668) and People v. O'Brien (305 N. Y. 915), wherein completed financial questionnaires Were used as a basis for perjury indictments by the Grand Jury and eventual convictions of that crime, have no application since the question of the power of the Grand Jury to compel the completion of the questionnaire was not presented nor passed upon.
The respondent Sheriff urges that we allow the procedure here attempted mainly on the ground that it is expedient in facilitating the Grand Jury in carrying on its investigatory duties. Expediency, however, does not warrant our rewriting a statute. That is for the Legislature. Moreover, were we to agree with respondent’s position the door would be opened for the carrying on of Grand Jury investigations by affidavit. The dangers *496 inherent in permitting such a procedure in the absence of a clear legislative mandate are obvious. “ We are not unmindful of the public interests, of the insistent hope and need that the ways of bribers and corruptionists shall be exposed to an indignant world. Commanding as those interests are, they do not supply us with a license to palter with the truth or to twist what has been written in the statutes into something else that we should like to see. * * * A community whose judges would be willing to give whatever law might gratify the impulse of the moment would find in the end that it had paid too high a price for relieving itself of the bother of awaiting a session of the Legislature and the enactment of a statute in accordance with established forms.” (Per Cardozo, Ch. J., in Matter of Doyle, 257 N. Y. 244, 268.)
The decision here does not render impotent the Grand Jury in carrying on its current investigation of alleged corruption in the Department of Buildings in the County of Kings. Methods proven by time and experience to be wholly adequate to obtain the information it seeks here by means of a financial questionnaire are at its disposal.' A departure from those methods, such as contemplated in the present case, must find its sanction in a Legislative pronouncement.
There is no indication that relator has acted with an intention to impede the Grand Jury’s investigation. On the contrary, he responded to the subpoena issued by that body and has been ready and willing, and indeed continues to be ready and willing, to testify orally to any and all relevant questions propounded do him by that body. That is all he is required to do. No oral direction or clarification by the District Attorney or the foreman of the Grand Jury can expand or change the command of the subpoena (Matter of Spector v. Allen, 281 N. Y. 251, 260).
The order of the Appellate Division should.be reversed, the writ sustained and the relator released.
Judges Dye and Fuld concur with Judge Desmond; Judge Burke concurs in a separate opinion; Chief Judge Conway dissents in an opinion in which Judges Froessel and Van Voorhis concur.
Order affirmed.