John A. Mullen, J.
On January 17, 1957, the foreman of the Third December, 1956 Grand Jury, submitted to Judge John A. Mullen of the Court of General Sessions a report of said Grand Jury in the Matter of the People of the State of New York v. John Doe. The court accepted the said report and directed that it be filed with the records of the Court of General Sessions.
The petitioner, Hugh Quinn, through his attorney, J. Wolfe Chassen, moved for an order directing that the said report be stricken and expunged from the said records of this court and be declared null and void and of no effect. The petitioner bases his prayer for relief on five grounds.
(a) Grand Juries have no authority to publish criticisms of individuals, or make accusations against them, which do not constitute indictable offenses, and fall short of indictment;
(b) The “report” was a statement on noncriminal subject matter over which it had no jurisdiction, and as to which it had no right to make any inquisition or report;
(c) There is no authority for the Grand Jury, an arm of the Judiciary, to give advisory opinions to the City Council, an elected legislative body. This is an unwarranted assumption of power, and violative of the fundamental constitutional concept of the separation of powers of the judicial and legislative branches of the government;
(d) All proceedings before the Grand Jury, and the evidence received by it, are required by law to be kept secret, and not be made public by reciting such evidence in this “ report ”;
(e) That the Grand Jury “ report ” did not indicate that it was at least the “ report ” of twelve members of the Grand Jury, and apparently it was only the report of two.
The petitioner, through his attorney, and the District Attorney have both submitted voluminous and extensive and informative briefs touching upon the relief requested in the petition.
After a thorough and extensive study of those briefs and further research on my part, I am persuaded that there is no doubt whatsoever that the Grand Jury had the power and the duty to submit said report and that the court acted within its power in ordering it filed.
In discussing the objections to the report raised by the petitioner, I shall first discuss the last one designated “ (e) ”.
(e) That the Grand Jury “ report ” did not indicate that it was at least the “report” of twelve members of the Grand Jury, and apparently was only the report of two.
There is no merit whatsoever to this contention. I have examined the minutes of the Grand Jury and find that the *468 Grand Jury unanimously adopted the report before it was submitted.
With respect to the objections raised by the petitioner enumerated c ”, and “ d ”, “ b ”, “ c ” and “ d ” are subordinate to the objection enumerated “ a ”. Therefore I shall first discuss said objection “a ”, which reads as follows: (a) Grand Juries have no authority to publish criticisms of individuals, or make accusations against them which do not constitute indictable offenses and fall short of indictment.
An examination of our present State Constitution discloses that section 14 of article I reads as follows: ‘ ‘ Such parts of the common law, and of the acts of the legislature of the colony of New York, as together did form the law of the said colony, on the nineteenth day of April, one thousand seven hundred seventy-five, and the resolutions of the congress of the said colony, and of the convention of the State of New York, in force on the twentieth day of April, one thousand seven hundred seventy-seven, which have not since expired, or been repealed or altered; and such acts of the legislature of this state as are now in force, shall be and continue the law of this state, subject to such alterations as the legislature shall make concerning the same. But all such parts of the common law, and such of the said acts, or parts thereof, as are repugnant to this constitution, are hereby abrogated.” (Formerly § 16. Renumbered and amended by Constitutional Convention of 1938 and approved by vote of the people November 8, 1938.)
Furthermore, in our said present State Constitution, I find in section 6 of article I thereof, the following provision: ‘ ‘ The power of grand juries to inquire into the wilful misconduct in office of public officers, and to find indictments or to direct the filing of informations in connection with such inquiries, shall never be suspended or impaired by law.”
The concept, embodied in our present Constitution, of making the common law which existed prior to the formation of the State Government the law of this State, is no new concept. We find in the original Constitution of the State of New York, adopted in 1777, in section 35 thereof, the following language:
‘ ‘ And this convention doth further, in the name and by the authority of the good people of this State, ordain, determine, and declare that such parts of the common law of England, and of the statute law of England and Great Britain, and of the acts of the legislature of the colony of New York, as together did form the law of the said colony on the 19th day of April, in the year of our Lord one thousand seven hundred and seventy- *469 five, shall be and continue the law of the State, subject to such alterations and provisions as the legislature of this State shall, from time to time, make concerning the same.”
Under the authority conferred by the Constitution, the Legislature in the Code of Criminal Procedure provided in section 253 as follows:
‘ ‘ Grand jury must inquire as to persons imprisoned on criminal charges and not indicted, and the misconduct of public officers. .-Vj
“ The grand jury must inquire,
“ 1. Into the case of every person imprisoned in the jail of the county, on a criminal charge, and not indicted; and
1 ‘ 2. Into the wilful and corrupt misconduct in office, of public officers of every description, in the county.
“ 3. The grand jury may inquire into the condition and management of the public prisons in the county.”
It has been claimed by the petitioner and mentioned in certain decisions in courts of original jurisdiction, that the failure of the Legislature to authorize or direct a report by the Grand Jury means that the said Grand Jury has no such power. When we read the authority given to the Grand Jury in the first New York Constitution of 1777, set forth above, it is obvious that if under the common law the Grand Jury had the right to investigate and report there was no need of giving any such authority to the Grand Jury by statute because that was inherent in the provision of the original Constitution making the common law theretofore existing the law of the State of New York.
That raises the question, did the Grand Jury under the common law have the power to make investigations and report thereon? A review of the cases applicable thereto makes it crystal clear that the Grand Jury had and exercised the power to inquire and report with respect to matters of public interest and concern, including misconduct in office, prior to the adoption of the State Constitution in 1777. A review of many instances of the use of this power by the Grand Jury under common law is contained in an article in the Columbia Law Review for December, 1955 (55 Col. L. Rev. 1103).
If any support were needed for this conclusion, which is the natural and inevitable result of the rule of reason, we need look only to the decision in the Matter of Jones v. People (101 App. Div. 55, 56-57, appeal dismissed 181 N. Y. 389). The supporting opinion therein reads as follows: ‘ ‘ But our Code of Criminal Procedure vests the grand jury with certain inquisitorial or visitorial powers. Section 260 [renum. § 253, by *470 L. 1956, ch. 402] provides as follows: ‘ The grand jury must inquire: 1. Into the ease of every person imprisoned in the jail of the county, on a criminal charge, and not indicted; 2. Into the condition and management of the public prisons in the county; and 3. Into the willful and corrupt misconduct in office of public officers of every description in the county. ’ Section 261 [now § 254] provides as follows: ‘ They are also entitled to free access, at all reasonable times, to the public prisons, and to the examination, without charge, of all public records in the county. ’ We may assume that these powers are conferred for some purpose. Official inquiry intends either official action or official report. As such powers are limited to inquiry, and the grand jury has no executive or administrative authority in the premises, the result of any inquiry must be report or statement which shall call attention to the wrong. The grand jury can but report to the court to which it was returned and by which it is discharged. Such reports are commonly termed presentments.”
In support of petitioner’s contention that the Grand Jury has no right to submit a report, he cites the minority opinion in the Jones case and certain decisions in certain courts of original jurisdiction which resulted in quashing certain reports or presentments for reasons applicable only to the report or presentment quashed. This contention of the petitioner is neither realistic nor persuasive.
It may be of interest to note further that section 253 of the Code of Criminal Procedure refers to the Grand Jury investigating or inquiring into willful and corrupt misconduct in public office. It does not use the term “ criminal ”. It is of further interest to note that in section 245 of the Code of Criminal Procedure the Legislature provides that the Grand Jury has the power and it is their duty to inquire into all “ crimes ” triable in the county, obviously separating its accusatory power from its inquisitorial and reportorial powers.
It is of further interest to note that the Code of Criminal Procedure provides in sections 238 and 239 thereof, that the following oath must be administered to the foreman, and the acting foreman and the members of the Grand Jury: “You, as foreman, and acting foreman of this grand jury, shall diligently inquire and true presentment make, of all such matters and things as shall be given you in charge.”
It does not limit the inquisitorial power to crimes or possible crimes but enlarges it to take in ‘ ‘ all matters and things ‘ given in charge ’ to the Grand Jury ”. This analysis certainly is consonant with the declaration by Judge Jenks in the prevailing *471 opinion in the Jones case that “we may assume that these powers are conferred for some purpose. Official inquiry intends either official action or official report.”
With respect to objection enumerated “a” above, there is ample precedent for the Grand Jury in its reports recommending or advising certain courses of conduct in the interest of good government.
With respect to the objections enumerated “ b ”, “ c ” and “ d ”, above, there is no doubt that the Grand Jury has power and authority to make reports and there is no doubt that in making such reports it is bound at times to make reference to the substance or actual wording of testimony taken before it and to make recommendations with respect thereto. It seems to me that it is much fairer to have the Grand Jury give the basis for any conclusion which it arrives at rather than report a bare conclusion without any supporting facts or testimony. This is basic fairness. The acceptance by the court of the Grand Jury’s report and the filing thereof at the direction of the court is definitely within the power of the court and makes of the report a public document.
I therefore find and determine that the said report submitted by the Third December, 1956 Grand Jury, dated January 17, 1957, was authorized under the powers vested in the Grand Jury by the laws of the State of New York, and I find and determine that the court was duly authorized to accept said report and order the filing thereof.
The petitioner’s application for an order to strike and expunge from the records of this court the report of the Third December, 1956 Grand Jury, dated January 17, 1957, therefore is denied in all respects.