William E. McClusky, J.
This is an application upon the part of a citizen and taxpayer of the County of Oneida to expunge a portion of the presentment or report of the May Supreme Court Grand Jury. The moving party does not maintain that a grand jury has no right to make a report but objects to the extent that it has gone in the instant case. The excerpt to which exception is taken is as follows:
“ On May 17th, 1957 we visited the Oneida County Hospital in Utica, N. Y., and wish to thank Mr. Adelbert D. Theobald, Mr. Henry D. Nashold and Superintendent of Nurses Claire Miodunka, for their courtesy and cooperation during our inspection.
*553 “ The personnel of the hospital should be commended for the excellent work they are performing, in view of the poor physical conditions under which they are operating. The hospital buildings are antiquated, particularly in the lack of a sprinkler system, inadequate electric wiring, open stairways, narrow hallAvays and insufficient elevator service.
“We feel that hospital services are required for the residents of the eastern part of the city and therefore that immediate action should be taken by the Board of Supervisors to provide for the construction of a new hospital on the same site.”
The power and province of the Grand Jury is indicated in section 253 of the Code of Criminal Procedure. That section provides what the Grand Jury must do and in one subdivision what it may do. However, the language thereof does not indicate that it is a limitation on the powers of the Grand Jury. Indeed the preceding section 252 provides for the individual responsibility of a grand juror and that too is a “ must ’ \ The succeeding sections provide for other activities but they imply the power to investigate and report. This court, therefore, holds that Grand Jury reports as made are not contrary to law.
A very extensive discussion of the power of a grand jury is contained in an opinion by Justice Knapp in Matter of Wilcox (153 Misc. 761). In that case the matter contained in the report of the Grand Jury was critical of designated but unnamed election inspectors. No indictment Avas found but the acts complained of were indictable. The matter was expunged. But even in that case the court suggests that the matter of curtailing or prohibiting reports is a matter for legislative action.
The only appellate case in this State is that of Matter of Jones v. People (101 App. Div. 55). The court there refused to expunge the report. The dissenting opinion of Justice Woodward apparently has had more popular appeal than the majority opinion but it was not the law in that case.
Recently in the Matter of Quinn (5 Misc 2d 466) a motion to expunge criticism of a public official was denied. The concensus of judicial opinion in this State is that reports or presentments of grand juries are permissible but Avithin narrow boundaries. Reports critical of public officers accusing them of indictable acts but not indicting are generally expunged. There is no specific prohibition by law of grand jury presentments or reports. One noteworthy commentary upon this is the fact that in 1946 the Legislature of this State passed a bill forbidding a grand jury to make a presentment or other public report censuring or reflecting upon the integrity of any person for alleged misconduct *554 not constituting a crime. This bill was vetoed by Governor Dewey who in his veto message praised the right of the grand jury to inquire and report as “ one of the most valued and treasured restraints upon tyranny and corruption in public office ”. (Public Papers of Governor Dewey, 1946, pp. 140-141.)
The real point at issue is the limit to which the grand jury may go. Obviously comments upon matters then pending in court, which might affect such matters, are beyond the pale. So too are reports or recommendations addressed to centralization or noncentralization of school districts. In other words the grand jury may not assume the right to act as a legislative body or a planning commission.
In the instant case the Grand Jury visited the county hospital and inspected it. No crime or misfeasance of the personnel or executives is charged or even intimated. Quite the contrary; nothing but commendation. That is not one of the institutions so far as the record indicates that they are charged with the duty of inspecting. The statement in the report that hospital services are required for residents of the eastern part of the city (of Utica) and that immediate action should be taken by the Board of Supervisors to provide for the construction of a new hospital on the same site is far beyond the authority of a grand jury. It invaded the province of the county legislative body. If it can do it in this instance, what is to prevent another grand jury from embarking upon an inspection of the public schools of the county, already built or in process of construction, and render a learned report thereon. Or still another field would be to inspect all places of public assembly, not only halls and auditoriums but churches and make pertinent criticisms thereof. In the instant case the Grand Jury, with the best of intent we will assume, went far beyond its investigatory powers. The three paragraphs should be expunged.