Charles M. Hughes, J.
At the opening of the Trial Term of the Supreme Court, held in and for the County of Schenectady on the 11th day of May, 1959, the Grand Jury, in and for that Term, was convened and organized. Thereafter, a foreman and an assistant foreman were appointed by the court, and the court charged the Grand Jury as to its duties.
At the conclusion of the May Term, the District Attorney made an application to extend the life of the Grand Jury, which the court did because its labors had not been concluded and the court, thereupon, granted the application.
Just prior to the convening of the September Term of Supreme Court, the District Attorney made a further application to extend the life of this Grand Jury to the 30th day of October, 1959 inasmuch as another Grand Jury was being convened and to permit this Grand Jury to further deliberate following the September Term.
On the 20th day of October, 1959, there was delivered to this court by a letter of transmittal, over the signature of the foreman, a report. It was a voluminous document, consisting in all of 19 pages.
Thereafter, and on the 26th day of October, 1959, a further corrected and amended report consisting of the same number of pages was delivered to this court. At that time, this court was holding a Trial Term in Montgomery County, and on the 30th day of October, 1959, the Grand Jury was assembled. The coui;t inquired if its labors had been concluded, to which the foreman replied it had, and then the court further inquired as to whether any indictments were to be handed up at that time, to which the foreman answered in the negative. Thereupon, the court stated to the foreman, the assistant foreman and members of the Grand Jury that inasmuch as the court had only had this report in his hands for four days, he was going to reserve decision upon the report and hand down the same at a later date.
At the same time, the foreman stated that he had a further report which he would like to read. The court then stated that he would examine this second report and then reminded the foreman that at the previous time he reported, a remark was made before the court about the Ennis Road situation, which the foreman acknowledged he had done. Thereupon the court stated regardless of the merits or demerits of the situation, it was entirely out of order.
This court has now had an opportunity to examine and read and study both reports. After due deliberation and consideration, in pursuance of subdivision 3 of section 253 of the Code *960 of Criminal Procedure, the court accepts the following: “ Our visit to the County Jail disclosed that the window sash and frames are badly deteriorated and in need of immediate repair. We understand that this matter has been called to the attention of the Board of Supervisors not only by the Sheriff but also by this and previous Grand Jurys and that nothing has been done to date. In one instance, a frame had dropped leaving an air space of almost two inches. With the approach of winter weather, we fail to see why these repairs should not be made at once. We do not understand why the appropriate committee on buildings has allowed this condition to become as bad as it is and failed to take any steps to correct it. We are particularly disturbed at the fact that this matter has been called to attention so many times and that it has been ignored. We know of no way to force necessary action to make the repairs except to call this to the attention of the public by way of our report, and trust that with this further recommendation immedate steps will be taken.” This type of report has been accepted by the courts over a long period of time.
Although the title of the documents is that of a report, the court views them as presentments, and their terms are synonymous.
As to the balance of the proposed presentment, and the corrected and amended copy thereof, as well as the second presentment, the court has decided not to release the same, inasmuch as there is no statutory authority for the same. “ There i,s no statutory provision authorizing or empowering a Grand Jury to make reports or presentments of any nature.” (Matter of Clay v. Wickins, 7 Misc 2d 84, 87.)
In Matter of Wilcox (153 Misc. 761) at page 768, the court stated the rule as follows: “ ‘ The powers of the grand jury extend only to questions of crime. Its functions are not executive, but judicial.’ ” (See, also, Matter of Schiro, 10 Misc 2d 552.) At page 554, the court stated the rule as follows: “In other words the Grand Jury may not assume the right to act as a legislative body or a planning commission. ’ ’
In further considering the balance of the presentments, regardless of the sincerity or good intentions of the Grand Jury, it is apparent that the Grand Jury went beyond its functions in making this report.
In our own district, and, in fact, in our own county, one of the classic cases was Matter of Funston (133 Misc. 620) in which the distinguished and late Mr. Justice Hbffernaw wrote a scholarly opinion. It may be argued that in some of these cited cases, the presentment was received, but this court prefers *961 the procedure that was followed in the case of Matter of Clay v. Wickins (supra). The result of receiving a presentment which either names an individual in person or by innuendo, or a group of persons, is that they are never given an opportunity to answer the charges made.
After studying the presentments and applying the decisions from which I have quoted, I have concluded to order the balance of the proposed presentments to be sealed, and I direct them to be filed as sealed with the Clerk of the County of Schenectady, and not to be opened except by an order of a court of competent jurisdiction.