■ In the Matter of the RICHARD ROE Investigation of the August 1973 Monroe County Grand Jury, as Extended.— Order unanimously modified in accordance with memorandum and as modified affirmed. Memorandum: This is an appeal, by a public employee, pursuant to CPL 190.90 to review an order accepting a Grand Jury report rendered pursuant to CPL 190.85 (subd. 1, par. [a]). Paragraph (a) of the section authorizes a Grand Jury to report "concerning misconduct, nonfeasance or neglect in public office by a public servant as the basis for a recommendation of removal or disciplinary action". Paragraph 1 of the recommendations contained in the report recommends the imposition of a specific minimum disciplinary penalty. Such specific recommendation is not authorized under CPL 190.85 and exceeds the Grand Jury's authority. Decisional and legislative history relative to Grand Jury authority in the filing of reports concerning noncriminal misconduct, nonfeasance or negligence in public office by a public servant requires that there must be a clearly expressed statutory grant of authority in connection with such proceedings. (See *Matter of Wood* v. *Hughes*, 9 N Y 2d 144; *Matter of Second Report of November, 1968 Grand Jury of County of Erie*, 26 N Y 2d 200.) "Recommendation", as used in the statutory provision here in question, constitutes the necessary predicate conclusion for the authority granted to file such a report and no more, as opposed to the grant of any authority to make a specific disciplinary recommendation. Absent such authority and to obviate possible prejudicial effect upon the rights of appellant in any ensuing disciplinary proceeding, the specific disciplinary recommendation contained in the subject report herein must be deleted and the recommendation shall be forever sealed, and it should not be filed as a public record, subject to subpoena or otherwise made public. Therefore, paragraph 1 of the recommendation is vacated and the following para-

graph should be inserted in its place: "1. Thomas Mancuso be subject to disciplinary action as prescribed by law for his conduct in connection with the subject matter of this report by the appropriate public servant or body having disciplinary authority therein." (Appeal from order of Monroe County Court accepting Grand Jury report.) Present — Marsh, P.J., Moule, Simons, Mahoney and Del Vecchio, JJ.