### (March 2, 1976)

■ In the Matter of the Investigation into an Allegation of Conflict of Interest on the Part of a Public Official by the July/August 1975 Term of the ROCKLAND COUNTY GRAND JURY, Submitted July 16, 1975. —Consolidated appeals by a public official, as limited by his brief, (1) from so much of an order of the County Court, Rockland County, dated September 11, 1975, as accepted a report of the Rockland County Grand Jury (July/August 1975 Term), submitted to that court on July 16, 1975, which order further provides, *inter alia,* that the said report be sealed and not be filed as a public record until 31 days after service of copies of the said order and the report upon the public official and (2) from so much of a further order of the same court, dated October 22, 1975, as, upon reconsideration, adhered to the original determination insofar as acceptance of the report was concerned. The latter order amended the prior order to the extent of deleting from page 6 of the report (entitled "Recommendation for Disciplinary Action") the second paragraph thereof and substituted therefor a paragraph authored by the County Court Judge. Appeal from the order of September 11, 1975 dismissed, without costs or disbursements. That order was superseded by the order made upon reconsideration. Order dated October 22, 1975 reversed insofar as appealed from, on the law, without costs or disbursements; the public official's motion for an order permanently sealing the report is granted; the report shall be permanently sealed in its entirety and not filed as a public record, or be subject to subpoena or otherwise be made public (see CPL 190.85, subd 5). On July 16, 1975 the Grand Jury submitted its report to the County Court. The cover of the report states: "GRAND JURY REPORT PURSUANT TO C.P.L. SECTIONS 190.85(1)(A) AND 190.85(1)(B)" It is obvious—and both parties and the County Court recognized—that "(1)(B)" was intended by the Grand Jury to be a reference to CPL 190.85 (subd 1, par [c]). The subject of the report is an alleged conflict of interest purportedly engaged in by the public official. The report contains a single set of "Findings". It also contains separate recommendations, one a "Recommendation for Disciplinary Action"; the other a "Recommendation for Legislative and Administrative Action in the Public Interest". The "Recommendation for Disciplinary Action" identifies the public official and is critical of him and concludes: "We, the Grand Jury of Rockland County, therefore,

recommend that the [official body of which the public official is an elected member] publicly censure [the public official] for his failure to take strong, public affirmative action to resolve the allegations of conflict of interest on his part." CPL 190.85 provides, in pertinent part: "1. The grand jury may submit to the court by which it was impaneled, a report: (a) Concerning misconduct, non-feasance or neglect in public office by a public servant as the basis for a recommendation of removal or disciplinary action; or * * * (c) Proposing recommendations for legislative, executive or administrative action in the public interest based upon stated findings. 2. The court to which such report is submitted shall examine it and the minutes of the grand jury and, except as otherwise provided in subdivision four, shall make an order accepting and filing such report as a public record only if the court is satisfied that it complies with the provisions of subdivision one and that: (a) The report is based upon facts revealed in the course of an investigation authorized by section 190.55 and is supported by the preponderance of the credible and legally admissible evidence; and (b) When the report is submitted pursuant to paragraph (a) of subdivision one, that each person named therein was afforded an opportunity to testify before the grand jury prior to the filing of such report, *and when the report is submitted pursuant to paragraph (b) or (c) of subdivision one, it is not critical of an identified or identifiable person.*" (Emphasis supplied.) The subject report improperly makes a specific disciplinary recommendation, viz.: public censure (see *Matter of Roe,* 46 AD2d 723). Further, as a report pursuant to paragraph (c) of subdivision 1, it is improperly "critical of an identified * * * person" (see CPL 190.85, subd 2, par [b]). At bar, the County Court recognized these problems and attempted to "correct" them as follows: (1) By treating the report as if it were solely a report pursuant to CPL 190.85 (subd 1, par [a]). Thus, in its order of September 11, 1975, the County Court held: "The report, as filed, is a combination of the type of report specified in 1.(c) (recommendation for legislative, executive or administrative action) and the type specified in 1.(a) (concerning misconduct, non-feasance or neglect in public office by a public servant). Combining the two is not the most satisfactory procedure as one part, standing alone, might be accepted and filed as a public record, while the other part might require sealing. It is recommended to grand juries in the future that separate reports be submitted in situations where more than one type of report is deemed warranted. In this case the Court will treat the report in its entirety as if it were a report under 1.(a) since the portion thereof which recommends legislative and administrative action in the public interest is not critical of [the public official] and does not prejudice his rights in any manner, nor is it critical of any other identified or identifiable person"; (2) By deleting from the order dated October 22, 1975 the paragraph containing the specific disciplinary recommendation and substituting therefor the following: "We, the Grand Jury of Rockland County, therefore, recommend that [the public official] be subject to disciplinary action as prescribed by law for his conduct in connection with the subject matter of this report by the appropriate public body having disciplinary authority therein, namely, the [official body of which the public official is an elected member]." The report must be permanently sealed because the specific disciplinary recommendation, in itself defective, was not properly or fairly cured by the substitution made by the County Court. The substitution actually subjects the public official to a broader range of disciplinary action than does the Grand Jury's original recommendation. Further, although the substituted recommendation states that it was authored by "We, the Grand Jury", it was in fact composed by

the County Court Judge and was not authored by the Grand Jury. Thus, the substitution was improper and not authorized by law (but see, contra, *Matter of Roe,* 46 AD2d 723, *supra).* While we do not reach the question of whether the combining in one report of the recommendations made under CPL 190.85 (subd 1, pars [a], [c]), necessarily voids the presentment, we are in accord with the County Court Judge's comment that "combining the two is not the most satisfactory procedure". That comment would appear to be supported by the legislative scheme of CPL 190.85. Thus, while reports pursuant to paragraph (a) of subdivision 1, by their nature, are critical of identified or identifiable persons, subdivision 2 prohibits acceptance of reports pursuant to paragraph (c) of subdivision 1 which are "critical of an identified or identifiable person." We have examined appellant's other contentions and find no merit to them. Gulotta, P. J., Hopkins, Martuscello, Cohalan and Shapiro, JJ., concur.