■ In the Matter of the REPORT OF THE OCTOBER 1975 GRAND JURY OF THE SUPREME COURT OF ULSTER COUNTY. ONE PUBLIC OFFICIAL NAMED IN THE ABOVE-ENTITLED REPORT, Appellant; FRANCIS J. VOGT, as District Attorney of the County of Ulster, Respondent.—Appeal from an order of Supreme Court at Special Term, entered December 1, 1975 in Ulster County, which accepted and sealed, pending further proceedings, the report of the October 1975 Ulster County Grand Jury. The October 1975 Ulster County Grand Jury investigated accusations of police brutality made against two members of the Town of New Paltz Police Department. It heard testimony in the two cases, captioned *People v Doe* and *People v Howley,* from many witnesses including the officers and the alleged victims. After concluding its investigation, the Grand Jury issued a report, pursuant to CPL 190.85, in which it recommended that disciplinary action be taken against the appellant here for having reported for emergency duty after consuming an undetermined quantity of alcoholic beverages and for having used excessive force in restraining a prisoner. Significantly, the report, in addition, recommended that the Code of Ethics of the New Paltz Police Department be revised in several respects concerning the apprehending of suspects or making arrests. On April 26, 1976, the officer against whom disciplinary action was recommended filed a notice of appeal from the order of Special Term accepting the report, contending that the recommendation was not supported by a preponderance of the credible and legally admissible evidence, and that filing of the report as a public record will prejudice fair consideration of a pending criminal matter. As a result, he requests that the report be sealed and not be subject to subpoena or public inspection. CPL 190.85 (subd 2) states that: "The court to which [a] report is submitted shall examine it and the minutes of the grand jury and * * * shall make an order accepting and filing such report as a public record only if the court is satisfied * * * that: (a) The report is based upon facts revealed in the course of an investigation authorized by section 190.55 and is supported by the preponderance of the credible and legally admissible evidence". Accordingly, the determination we must make is whether the Grand Jury's recommendation in its report was, in fact, supported by a preponderance of the credible and legally

admissible evidence. That portion of the Grand Jury's report which recommended that appellant be disciplined for reporting "for emergency duty after consuming an undetermined quantity of alcoholic beverages" is a nullity. Perusal of the minutes of the Grand Jury discloses that, before being summoned for emergency duty, appellant had consumed some alcoholic beverages—but while off duty. There is absolutely no evidence that he was intoxicated and the only inquiry directed to this question produced an emphatic denial of intoxication from the witness whose answer went unchallenged. Obviously, it is not unlawful for a police officer to consume alcohol when off duty, and the appropriate standard of review is not whether he consumed alcohol, but rather, whether he reported for emergency duty in an intoxicated state. In this respect, the report is unfair and unfounded and that portion of the report making reference to the consumption of alcoholic beverages should be redacted from the report (see *Matter of First Report of October 1972 Grand Jury of Supreme Ct., Albany County,* 44 AD2d 855, app dsmd 34 NY2d 915). We next turn to the finding in the report that the appellant used excessive force in restraining a prisoner. As might be expected, diametrically opposed versions were presented by the police witnesses on the one hand and by the alleged victims and their witnesses on the other and each account or version is buttressed by sufficient testimony which, if believed, would sustain the respective contentions. While the report refers to both versions in each case, there is no specific indication as to which testimony the Grand Jury chose to believe. However, since the Grand Jury recommended that disciplinary action be taken against appellant, it necessarily must have found some aspects of the versions presented against the appellant more believable than the police accounts. Inasmuch as the standard of review governing the acceptance of a Grand Jury report is whether it is "supported by a preponderance of the credible and legally admissible evidence" (CPL 190.85, subd 2), the identical standard generally used to decide civil cases, we conclude that the law governing review of civil cases must be applied here. That law is clear and when there is a sharp conflict in the testimony presented so that resolution of the issues depends upon the credibility of the witnesses, the reviewing court will ordinarily not disturb the verdict of the jury (10 Carmody-Wait 2d, NY Prac, § 70:383, p 645). Indeed, this court in addressing itself to the principle wrote as follows: "The power to review a jury's verdict concedes, in the first place, the premise that a question of fact is for the jury and, of course, this is required for most cases by the Constitution. This concession carries with it the established rule that the weight of evidence is the jury's own province and that a court will not interfere unless it can see that no reasonable man would solve the litigation in the way the jury has chosen to do" *(Rapant v Ogsbury,* 279 App Div 298, 299; see, also, *Buemi v Mariani,* 41 AD2d 1002). Consequently, applying the above standards to our conclusion that the record contains sufficient evidence which, if believed, would support a finding of the use of excessive force, we must conclude that the Grand Jury's finding thereon cannot be disturbed. Appellant contends that the Grand Jury report should be sealed and not subject to subpoena or public inspection in order that it may not prejudice fair consideration of a pending criminal matter. We need not now determine that issue for we conclude that the report must be sealed for another reason. CPL 190.85 provides, in pertinent part, as follows: "1. The grand jury may submit to the court by which it was impaneled, a report: (a) Concerning misconduct, non-feasance or neglect in public office by a public servant as the basis for a recommendation of removal or disciplinary action; or * * * (c) Proposing recommenda-

tions for legislative, executive or administrative action in the public interest based upon stated findings. 2. The court to which such report is submitted shall examine it and the minutes of the Grand Jury and, except as otherwise provided in subdivision four, shall make an order accepting and filing such report as a public record only if the court is satisfied that it complies with the provisions of subdivision one and that: * * * (b) When the report is submitted pursuant to paragraph (a) of subdivision one, that each person named therein was afforded an opportunity to testify before the Grand Jury prior to the filing of such report, and when the report is submitted pursuant to paragraph (b) or (c) of subdivision one, it is not critical of an identified or identifiable person." The report, as filed, is a combination of the type of report specified in 1 (a) (concerning misconduct, nonfeasance or neglect in public office by a public servant) and the type specified in 1 (c) (recommendation for legislative, executive or administrative action). CPL 190.85 "virtually repeats verbatim CCP § 253-a" (Denzer, Practice Commentaries, McKinney's Cons Laws of NY, Book 11-A, CPL 190.85, p 186 [1971]) and this court, in addressing itself to the practice of combining recommendations in the same report with criticism of an identified or identifiable person, held that their integration in the same report was violative of the provisions of the statute and ordered the report to be forever sealed *(People v Doe,* 25 AD2d 906). Clearly the provisions of CPL 190.85 (subd 2, par [b]) that such be "not critical of an * * * identifiable person" were violated here just as they were in *People v Doe, (supra).* In a very recent case, *Matter of Rockland County Grand Jury* (51 AD2d 984), the court, while not reaching "the question of whether the combining in one report of the recommendations under CPL 190.85 (subd 1, pars [a], [c]), necessarily voids the presentment, affirmed the County Court's ruling that: " 'combining the two is not the most satisfactory procedure'. That comment would appear to be supportive of the legislative scheme of CPL 190.85" *(Matter of Rockland County Grand Jury, supra,* p 986). Consequently, the combining in the instant report of a recommendation for disciplinary action against an identified person with a recommendation for legislative or administrative action requires that the report be forever sealed. The reasoning behind such a holding is manifest. A report containing such a combination would invite speculation and conjecture of the most dangerous sort and would no doubt lead to an erroneous conclusion that the identified person, by his own conduct alone, triggered the adoption of all recommendations included in the report, even though in all likelihood, such was not the case. We are most reluctant to interfere with or to abort the well-intentioned aims and efforts of this or any other Grand Jury. However, if the Grand Jury is to fulfill its very vital function in our system of justice, it must operate within the statutory guidelines provided. Order modified, on the law and the facts, by striking so much of the report of the Grand Jury as finds that appellant reported for emergency duty after consuming an undetermined quantity of alcoholic beverages and by directing that the Grand Jury report be forever sealed, and, as so modified, affirmed. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.