■ In the Matter of the REPORT OF THE MONROE COUNTY GRAND JURY FOR THE FEBRUARY 1978 TERM.—Order unanimously affirmed. Memorandum: The February 1978 Monroe County Grand Jury investigation into alleged improprieties in the Town of Gates Highway Department resulted in the issuance of two reports pursuant to CPL 190.85. The first report, which proposed recommendations for "legislative, executive or administrative action in the public interest based upon stated findings" (CPL 190.85, subd 1, par [c]), was ordered filed as a public record by the Monroe County Court pursuant to CPL 190.85 (subd 2). The second report, which is the subject of this appeal, was submitted pursuant to CPL 190.85 (subd 1, par [a]) and recommended that identified employees of the Town of Gates be disciplined. It further recommended legislative, executive or administrative action concerning employment practices of the town. County Court found that the recommendations were in the public interest and were sufficiently supported by a preponderance of the credible admissible evidence, but ordered that the report be forever sealed because it contains recommendations for disciplinary action of identifiable persons, combined with recommendations for legislative, executive or administrative action in the public interest. In this appeal the District Attorney urges that the separate paragraph of the report

which recommends legislative, executive or administrative changes be deleted as surplusage and that the remainder of the report be made public. The power of the Grand Jury to submit reports following an investigation of the conduct of public servants is defined and limited by the provisions of CPL 190.85 which delineate the procedures that must be followed. When a report submitted pursuant to CPL 190.85 (subd 1, par [c]) contains material critical of an identified or identifiable individual, it must be sealed (see *Matter of October 1975 Grand Jury of Supreme Ct. of Ulster County,* 55 AD2d 707; *Matter of Report of September 1975 Grand Jury of Supreme Ct. of St. Lawrence County,* 55 AD2d 220). Although the Monroe County Grand Jury states that its intention is to issue the report at bar pursuant to CPL 190.85 (subd 1, par [a]), the report is in fact a combination of paragraphs [a] and [c]. The clear intent and purpose of the statute may not be subverted by the Grand Jury by expressing an intention to issue a report concerning misconduct by a public servant as the basis for a recommendation of removal or disciplinary action pursuant to CPL 190.85 (subd 1, par [a]), and then proposing recommendations for both disciplinary and legislative, executive or administrative action. This taints the entire report. Here, the report is actually critical of identified persons and recommends legislative, executive or administrative action. Consequently, the Grand Jury exercised its statutory authority in a clearly impermissible manner. We agree with County Court and hold that the report fails to comply with CPL 190.85. (Appeal from order of Monroe County Court—Grand Jury report.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Moule, JJ.