In the Matter of the REPORT OF THE AUGUST-SEPTEMBER, 1983 GRAND JURY III, TERM IX, SUFFOLK COUNTY, NEW YORK. PATRICK HENRY, as District Attorney of Suffolk County, Appellant.

Second Department, August 13, 1984

### APPEARANCES OF COUNSEL

*Patrick Henry, District Attorney (Frederick Eisenbud* of counsel), appellant *pro se.*

### OPINION OF THE COURT

MOLLEN, P. J.

The District Attorney of Suffolk County appeals pursuant to CPL 190.90 (subd 2) from an ex parte order of the County Court, Suffolk County, dated March 27, 1984, which, *inter alia,* directed that a Grand Jury report, prepared pursuant to CPL 190.85 (subd 1, par [c]), be permanently sealed.

An August/September, 1983 Suffolk County Grand Jury was impaneled to conduct an investigation into the operation of a highway department of a town in Suffolk County. Particularly examined were the highway department's policies in renting vehicles for use in work on town highways. On February 15, 1984, after months of inquiry and approximately 4,000 pages of testimony, the Grand Jury voted to issue a 43-page report pursuant to CPL 190.85 (subd 1, par [c]), which recommended, among other things, that certain changes be made in that highway department's record keeping, that an audit be conducted to determine if outright purchase would be more efficient and economical than continued rental, and that a referendum be held to determine if the highway department should be abolished in favor of a department of public works.

Thereafter, the District Attorney applied to the County Court for an order accepting the report and filing it as a public record, pursuant to CPL 190.85 (subd 2). That court determined that the report met the first requirement for filing, that is, its stated findings were supported by a preponderance of the credible and legally admissible evidence, but directed that it be sealed because of its failure to fulfill the second requirement, namely, that it not be "critical of an identified or identifiable person". According to the County Court, the report in question criticized "the conduct of several individuals * * * who, while not identified by name, are clearly identifiable by their job titles". Further, that court determined that the report could not be saved by redacting the name of the town, because to do so would result in stigmatizing all persons holding the criticized job titles in every town in the entire County of Suffolk. We disagree. We find that the report in question was not "critical of an * * * identifiable person" within the meaning of the statute (CPL 190.85, subd 2, par [b]), and that, with some minor redaction, it can be accepted and filed as a public record.

Prior to the enactment in 1964 of section 253-a of the former Code of Criminal Procedure (L 1964, ch 350, § 3), the power of a Grand Jury to issue reports, or to take any action at all short of the return of an indictment, was open to serious question. Those courts which sustained the authority to issue reports did so based upon the historical

function of the Grand Jury at common law (see *Matter of Charles Earl of Macclesfield v Starkey,* 10 How St Tr 1330; Goebel & Naughton, Law Enforcement in Colonial New York; Kuh, The Grand Jury "Presentment": Foul Blow or Fair Play?, 55 Col L Rev 1103, 1105-1107), and upon subdivision 2 of section 253 of the former Code of Criminal Procedure, which provided that the Grand Jury "must inquire * * * [i]nto the willful and corrupt misconduct in office, of public officers of every description" (see *Matter of Jones v People,* 101 App Div 55, app dsmd 181 NY 389; *Matter of Crosby,* 126 Misc 250, 252-253; *Matter of Healy,* 161 Misc 582, 586-587; *Matter of Bar Assn. of Erie County* [*Hagerty*], 182 Misc 529; *Matter of Quinn,* 5 Misc 2d 466). In *Matter of Jones v People* (101 App Div 55, 57, app dsmd 181 NY 389, *supra*), this court, by a divided Bench, held that the above-quoted language of the former Code of Criminal Procedure imposed a statutory duty to investigate which included, of necessity, the concomitant authority to report upon its investigation, stating: "We may assume that these powers are conferred for some purpose. Official inquiry intends either official action or official report. As such powers are limited to inquiry, and the grand jury has no executive or administrative authority * * * the result of any inquiry must be report or statement which shall call attention to the wrong".

Additionally, the *Jones* court held that a report would not be invalidated merely because it "specified individual delinquencies" (*Matter of Jones v People,* 101 App Div 55, 58, *supra*), although expunction would be required should the report reach a level of accusation as would support an indictment.

Although the *Jones* case (*supra*) was the only appellate interpretation of section 253 of the former Code of Criminal Procedure, it was not widely followed. Subsequently, a number of courts of original jurisdiction found either that reports were not authorized at all, or, relying upon the additional language in *Jones,* determined in individual cases that the report in question condemned a person named therein, necessitating expunction (see *Matter of Heffernan,* 125 NYS 737; *Matter of Osborne,* 68 Misc 597, 603-606; *Matter of Funston,* 133 Misc 620, 623; *People v*

*McCabe,* 148 Misc 330, 332-334; *Matter of Wilcox,* 153 Misc 761; *Matter of Clay v Wickens,* 7 Misc 2d 84, 89-92; *Matter of Healy,* 161 Misc 582, 595-599, *supra; Matter of Crosby,* 126 Misc 250, 252-253, *supra;* see, also, dissenting opn of Woodward, J., in *Matter of Jones v People, supra,* pp 59-64). The principal concern expressed in these cases was that an individual should not be exposed to public condemnation without an opportunity to defend his or her conduct; i.e., if the acts found to have been committed by a person did not constitute a crime, and no indictment was returned, that person was entitled "to be relieved of the odium of a judicial censure" (*Matter of Jones v People, supra,* p 63; *Matter of Funston, supra,* p 623; *Matter of Wilcox, supra*). As the court said in *People v McCabe* (*supra,* pp 333-334): "A presentment is a foul blow. It wins the importance of a judicial document, yet it lacks its principal attributes — the right to answer and to appeal. It accuses but furnishes no forum for a denial. No one knows upon what evidence the findings are based. An indictment may be challenged — even defeated. The presentment is immune. It is like the 'hit and run' motorist. Before application can be made to suppress it, it is the subject of public gossip. The damage is done. The injury it may unjustly inflict may never be healed".

Finally, in *Matter of Wood v Hughes* (9 NY2d 144), the Court of Appeals rejected the Grand Jury's authority to issue reports. The court determined that the Grand Jury derived its powers either from the State Constitution or from applicable statutes, neither of which then expressly authorized the issuance of reports. Therefore, the court held that in presenting reports, the Grand Jury exceeded its authority, which was limited to the "constitutional guarantee of a power in the grand jury to inquire and indict" (*Matter of Wood v Hughes, supra,* p 151).

Section 253-a of the former Code of Criminal Procedure, the predecessor statute to the present CPL 190.85 and virtually identical to it, was enacted in direct response to *Matter of Wood v Hughes* (9 NY2d 144, *supra*). In his annual message to the Legislature, Governor Rockefeller urged the adoption of legislation which would reestablish the Grand Jury's power "to make public reports calling

attention to unsavory conditions and recommending reforms", but which would also include "appropriate safeguards against abuse" (see McKinney's Session Laws of NY, 1964, p 1934). The constitutionality of section 253-a was upheld in *Matter of November, 1968 Grand Jury of County of Erie* (26 NY2d 200). CPL 190.85 now reads:

"§ 190.85 Grand jury; grand jury reports

"1. *The grand jury may submit to the court by which it was impaneled, a report:*

"(a) Concerning misconduct, non-feasance or neglect in public office by a public servant as the basis for a recommendation of removal or disciplinary action; or

"(b) Stating that after investigation of a public servant it finds no misconduct, non-feasance or neglect in office by him provided that such public servant has requested the submission of such report; or

"*(c) Proposing recommendations for legislative, executive or administrative action in the public interest based upon stated findings.*

"2. *The court to which such report is submitted shall examine it and the minutes of the grand jury* and, except as otherwise provided in subdivision four, *shall make an order accepting and filing such report as a public record only if the court is satisfied that it complies with the provisions of subdivision one and that:*

"(a) The report is based upon facts revealed in the course of an investigation authorized by section 190.55 and is supported by the preponderance of the credible and legally admissible evidence; and

"(b) When the report is submitted pursuant to paragraph (a) of subdivision one, that each person named therein was afforded an opportunity to testify before the grand jury prior to the filing of such report, and *when the report is submitted pursuant to paragraph (b) or (c) of subdivision one, it is not critical of an identified or identifiable person.*

"3. *The order accepting a report pursuant to paragraph (a) of subdivision one, and the report itself, must be sealed by the court and may not be filed as a public record, or be subject to subpoena or otherwise be made public until at least thirty-one days after a copy of the order and the report*

*are served upon each public servant named therein,* or if an appeal is taken pursuant to section 190.90, until the affirmance of the order accepting the report, or until reversal of the order sealing the report, or until dismissal of the appeal of the named public servant by the appellate division, whichever occurs later. *Such public servant may file with the clerk of the court an answer to such report,* not later than twenty days after service of the order and report upon him. Such an answer shall plainly and concisely state the facts and law constituting the defense of the public servant to the charges in said report, and, except for those parts of the answer which the court may determine to be scandalously or prejudicially and unnecessarily inserted therein, shall become an appendix to the report. Upon the expiration of the time set forth in this subdivision, the district attorney shall deliver a true copy of such report, and the appendix if any, for appropriate action, to each public servant or body having removal or disciplinary authority over each public servant named therein.

"4. Upon the submission of a report pursuant to subdivision one, if the court finds that the filing of such report as a public record, may prejudice fair consideration of a pending criminal matter, it must order such report sealed and such report may not be subject to subpoena or public inspection during the pendency of such criminal matter, except upon order of the court.

"5. Whenever the court to which a report is submitted pursuant to paragraph (a) of subdivision one is not satisfied that the report complies with the provisions of subdivision two, it may direct that additional testimony be taken before the same grand jury, or it must make an order sealing such report, and the report may not be filed as a public record, or be subject to subpoena or otherwise be made public" (emphasis supplied).

Pursuant to CPL 190.85 (subd 1), the Grand Jury has the power to issue three distinct types of report. A report prepared pursuant to paragraph (a) of that subdivision must concern misconduct, etc., by a public official which may form the basis for removal or disciplinary action. With respect to a paragraph (a) report, a number of requirements must be met before the report can be accepted and

filed as a public record. First, under subdivision 2, there must be a judicial determination that the findings of the report are supported by the preponderance of the credible and legally admissible evidence. Second, also under subdivision 2, it must be shown that the official named in the report was given an opportunity to testify before the Grand Jury. Additional protections are afforded in subdivision 3, including a temporary sealing of the report while the named official is allowed to file an answer to it with the clerk of the court which is to determine whether or not the report will be filed as a public record.

The converse of paragraph (a) report is one issued under paragraph (b) of subdivision 1, namely, a specific statement that no misconduct or neglect by a public servant was found. Here, too, the named individual is carefully protected, and no paragraph (b) report may be filed except at the request of the person named therein. These precautions safeguard the individual from the evil which was of concern to the courts with regard to reports issued under section 253 of the former Code of Criminal Procedure, namely, the impugnment of character and reputation without the chance to defend or appeal.

A report issued, as here, pursuant to CPL 190.85 (subd 1, par [c]), however, is unrelated to misconduct, or to the actions of any individual officer. Rather, in a paragraph (c) report, the Grand Jury is only "[p]roposing recommendations for legislative, executive or administrative action in the public interest based upon stated findings". The protections of subdivision 3, by its provisions, are applicable solely to reports issued under paragraph (a) of subdivision 1. With regard to paragraph (c) reports only two preconditions to filing as a public record are listed in subdivision 2, namely, that the report be supported by a preponderance of the evidence, and that the court also determine that the report is not "critical of an identified or identifiable person". It has been held that a report which recommends both disciplinary action against an individual *and* legislative, executive or administrative action in the public interest, is an improper combination of distinct and separate reports, and cannot be accepted for filing, but must be sealed (see *Matter of Report of August "A" 1977 Grand Jury of Westchester County,* 63 AD2d 984; *Matter of Report of Monroe*

*County Grand Jury,* 70 AD2d 778; *Matter of Report of September 1975 Grand Jury of Supreme Ct. of St. Lawrence County,* 55 AD2d 220; *People v Doe,* 25 AD2d 906). The County Court here did not find that the instant report improperly combines the functions of paragraphs (a) and (c) of subdivision 1 of CPL 190.85, but rather sealed the report solely because it contained comments which criticized the conduct of certain individuals who are identifiable by their job titles. The question is, therefore, what constitutes a report "critical of an * * * identifiable person" within the meaning of CPL 190.85 (subd 2, par [b]).

The plain purpose of a paragraph (c) report is to make recommendations for improvement in governmental organization or practice. Such a report will be issued when the system or situation investigated is not so seriously flawed that indictment or paragraph (a) disciplinary action is called for, but where, nonetheless, the system is found to be less than perfect and the public interest would be served by making corrective changes. Of necessity, therefore, any such recommendation for change or suggestion for improvement will carry with it a certain degree of criticism of the system as it exists, and consequently, of the persons who acted in or managed the existing system. Clearly, it cannot be this degree of inherent criticism that is prohibited by statute and which requires sealing. If such a view were taken, virtually no report prepared under paragraph (c) could ever be accepted for filing as a public record. The statute would be rendered meaningless to that extent, as its purpose, i.e., to recommend governmental changes in the public interest, could not be accomplished. The statute cannot be so construed (see, e.g., *Matter of Albano v Kirby,* 36 NY2d 526, 530; *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 458). Rather, a paragraph (c) report should be sealed only where the criticism it contains is directed against personal misconduct as such, i.e., an individual official's misfeasance, malfeasance or neglect of duty. In such a case, the level of criticism would rise to the standard of a paragraph (a) report, but the individual would have been denied the protections afforded to those named in paragraph (a) reports. The Grand Jury would have exceeded its authority by improperly combining the two

types of reports, and sealing would be required (see *Matter of Report of August "A" 1977 Grand Jury of Westchester County,* 63 AD2d 984, *supra; Matter of Report of Monroe County Grand Jury,* 70 AD2d 778, *supra*).

In the instant case, while the Grand Jury report in question is "critical" of many facets of the highway department's operations in the dictionary meaning of that word, the report, as a whole, does not rise to the paragraph (a) level of personal criticism of an "identified or identifiable person", and therefore must be accepted for filing. With respect to the meaning of the term "identifiable person" as used in CPL 190.85 (subd 2, par [b]), a mere reference to position or title will not necessarily cause the person to be identifiable within the meaning of the statute where there are many persons in that position or title. References to "foreman", for example, or even, conceivably, to "supervisor" where there are many foremen and supervisors, would not necessarily require the sealing of a report. The deletion of such details could render the report too vague to be useful; recommendations for improvement in the public interest necessarily requires that those parts of the system needing improvement be identified. In order to come within the proscription of CPL 190.85 (subd 2, par [b]) the criticism must reach such a level that it either constitutes a statement of misconduct, or it must be directed against a specific identified individual. The mere fact that the report disapproves of some actions of some members of a class of persons does not require that it be sealed. The Legislature has deemed it in the public interest to authorize the court to make an order accepting and filing such a report as a public record, upon the condition that the safeguards contained in the statute are met. The public interest should not be frustrated by an unwarranted and hypertechnical interpretation of the language contained in the statute.

In this case, however, there is certain irrelevant matter in the report which does not add to it and which should be deleted specifically:

Findings of Fact:

| | | |
|---|---|---|
| page 5 | paragraph 9 | sentences 6 & 7 |
| page 5 | paragraph 11 | sentences 2 & 3 |
| page 17 | paragraph 28 | sentences 5 & 6 |
| page 19 | paragraph 31 | sentences 1 & 2 |

| | | | |
|---|---|---|---|
| pages 29-30 | paragraph 34 | subd b | sentences 9 & 10 |
| page 33 | paragraph 36 | | sentences 1 through 4 |
| page 34 | paragraph 37 | | sentences 2 through 5 |
| page 35 | paragraph 40 | | sentences 2 & 3. |

As an additional precaution, the name of the town whose highway department was investigated should be deleted from the following places:

Preliminary Statement:

| | |
|---|---|
| page 1 | sentence 1. |

Findings of Fact:

| | | | |
|---|---|---|---|
| page 2 | paragraph 1 | | sentence 1 |
| page 24 | paragraph 31 | subd e | sentences 1 & 3 |
| page 35 | paragraph 39 | | sentence 1. |

Recommendations:

| | | |
|---|---|---|
| page 37 | Heading | |
| page 37 | Part I | sentence 1 |
| page 40 | Part IV | sentence 1 |
| | | in introduction. |

As so redacted, the report in question omits irrelevant matter and is not "critical of * * * identifiable person[s]" within the meaning of CPL 190.85 (subd 2, par [b]). A determination having already been made that the report's findings are supported by a preponderance of credible and legally admissible evidence, the order appealed from should be reversed, and the District Attorney's application should be granted to the extent that the report, redacted as heretofore indicated, should be accepted for filing as a public record.

NIEHOFF, RUBIN and LAWRENCE, JJ., concur.

Ex parte order of the County Court, Suffolk County, dated March 27, 1984, reversed, and application granted to the extent of directing that the Report of the August-September, 1983 Grand Jury III, Term IX, Suffolk County, New York, be filed as a public record after redacting the following portions thereof:

Findings of Fact:

| page 5 | paragraph 9 | | sentences 6 & 7 |
| page 5 | paragraph 11 | | sentences 2 & 3 |
| page 17 | paragraph 28 | | sentences 5 & 6 |
| page 19 | paragraph 31 | | sentences 1 & 2 |
| pages 29-30 | paragraph 34 | subd b | sentences 9 & 10 |
| page 33 | paragraph 36 | | sentences 1 through 4 |
| page 34 | paragraph 37 | | sentences 2 through 5 |
| page 35 | paragraph 40 | | sentences 2 & 3 |

and the name of the town whose highway department was investigated from the following places:

Preliminary Statement:

| page 1 | | | sentence 1. |

Findings of Fact:

| page 2 | paragraph 1 | | sentence 1 |
| page 24 | paragraph 31 | subd e | sentences 1 & 3 |
| page 35 | paragraph 39 | | sentence 1. |

Recommendations:

| page 37 | Heading | |
| page 37 | Part I | sentence 1 |
| page 40 | Part IV | sentence 1 in introduction. |