*229 OPINION OF THE COURT
Richard B. Meyer, J.
The Essex County District Attorney has requested an order authorizing the disclosure of the grand jury presentment relative to the death of Richard AA. in order to respond to media inquiries.
“Grand jury proceedings are secret, and no grand juror, or other person specified in subdivision three of this section or section 215.70 of the penal law, may, except in the lawful discharge of his duties or upon written order of the court, disclose the nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding.” (CPL 190.25 [4] [a].)
However,
“secrecy of grand jury minutes is not absolute. . . . Firmly settled is the rule that determination of the question whether disclosure should be permitted is addressed to, and rests in, the trial judge’s discretion. In exercising this discretion, the court must balance the competing interests involved, the public interest in disclosure against that in secrecy.” (People v Di Napoli, 27 NY2d 229, 234 [1970] [citations omitted].)
“As a threshold matter, a party seeking disclosure of grand jury [proceedings] must establish a compelling and particularized need for [disclosure]. Only then must the court balance various factors to assess, in its discretion, whether disclosure is appropriate under the circumstances presented.” (People v Robinson, 98 NY2d 755, 756 [2002] [citations omitted].)
The District Attorney seeks permission to disclose the presentment to the grand jury in order to “clarify the facts and issues that have been so distorted by the press without having the ability to discuss the grand jury presentment.” Although such a reason might, in ordinary circumstances, be sufficient for this court to exercise its discretion and authorize disclosure of grand jury proceedings, the particular circumstances here are unusual.
“In this State the Grand Jury derives its power from the Constitution and acts of the Legislature (N. Y. Const., art. I, § 6; Code Crim. Pro. §§ 223, 245, 252, 253).” (People v Stern, 3 NY2d 658, 661 [1958].) “A grand jury may hear and examine evidence concerning the alleged commission of any offense prosecutable *230 in the courts of the county, and concerning any misconduct, nonfeasance or neglect in public office by a public servant, whether criminal or otherwise.” (CPL 190.55 [1].) The actions which a grand jury may take are specifically prescribed and limited by statute.
“After hearing and examining evidence as prescribed in section 190.55, a grand jury may:
“1. Indict a person for an offense, as provided in section 190.65;
“2. Direct the district attorney to file a prosecutor’s information with a local criminal court, as provided in section 190.70;
“3. Direct the district attorney to file a request for removal to the family court, as provided in section 190.71 of this article.
“4. Dismiss the charge before it, as provided in section 190.75;
“5. Submit a grand jury report, as provided in section 190.85.” (CPL 190.60.)
Here, the grand jury did not take any of these five authorized actions after the evidence was presented, and at no time did it seek legal instructions or advice from this court. “Beyond constitutional or statutory authority a Grand Jury has no power.” (Matter of Wood v Hughes, 11 AD2d 893, 894 [3d Dept 1960], affd 9 NY2d 144 [1961].)* “Neither the court nor its arm, the Grand Jury, may take unto itself an authority or power not granted by the Constitution or the Legislature.” (Matter of Grand Jury Investigation of Tel. Quiz Programs, 19 Misc 2d 682, 697 [1959].) Thus, any action by a grand jury other than *231 those specifically authorized by statute are legally invalid (see Matter of Wood v Hughes; Matter of Report of Monroe County Grand Jury for Feb. 1978 Term, 70 AD2d 778, 778 [4th Dept 1979]; Matter of October 1975 Grand Jury of Supreme Ct. of Ulster County, 55 AD2d 707, 709 [3d Dept 1976]; People v Doe, 25 AD2d 906 [3d Dept 1966]; Matter of Grand Jury Assn. of N.Y. County v Schweitzer, 11 AD2d 761, 761 [1st Dept 1960]).
Since the District Attorney may elect to again present the evidence to another term of the grand jury in order to have that body take a legally permissible action, the request for disclosure must be, and is, denied, and the presentment to the April 2014 term of the grand jury shall be and remain sealed. This is necessary for a number of reasons, including, inter alia, to “assur[e] . . . prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely” (People v Di Napoli at 235) since the witnesses who previously testified may be called to do so again before another grand jury. Additionally, disclosure of the grand jury presentation could be viewed as an implied approval by this court of the grand jury’s unauthorized action.
The clerk of this court is directed to seal the grand jury action dated June 18, 2014 and all records pertaining to the underlying presentment, subject to further order of the court.

 The offending action in Wood, was the submission of a grand jury report of alleged mismanagement and misconduct on part of public officials, though there was no evidence warranting an indictment for a crime. At that time, there was no statutory provision authorizing a grand jury report. Although the Criminal Procedure Law now authorizes a grand jury to issue a report
“[c]oncerning misconduct, non-feasance or neglect in public office by a public servant as the basis for a recommendation of removal or disciplinary action; or . . . [sjtating that after investigation of a public servant it finds no misconduct, non-feasance or neglect in office . . . provided that such public servant has requested the submission of such report; or . . . [pjroposing recommendations for legislative, executive or administrative action in the public interest based upon stated findings” (CPL 190.85 [1]), this legislative change does not alter the legal principles governing the grand jury’s ability, or lack thereof, to take some action other than those specifically authorized by the legislature.